IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

---

NOAH J MCCOURT

Plaintiff,                               CIVIL COMPLAINT   20cv1116 ECT/BRT

v.                                       **DEMAND FOR JURY TRIAL**

JENNIFER CARNAHAN, in her official capacity

as Chairwoman of the MNGOP; Minnesota Republican Party

of Minnesota.

Defendant.

---

**COMPLAINT FOR PERMANENT INJUNCTION REQUIRING CHANGES TO ORGANIZATIONAL POLICY AND THE ELIMINATION OF DIGITAL ACCESS BARRIERS PURSUANT TO 42 USC § 12188 (a) (2)**

Noah J McCourt , ("Plaintiff") seeks a permanent injunction requiring a change in the policies of the Minnesota Republican Party ("Defendant") to cause Defendant's websites to become, and remain, accessible and in support thereof asserts as follows:

**INTRODUCTION**

1. Plaintiff Noah J McCourt brings this action against Defendant and asserts that its websites are not accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA").  Plaintiff seeks a permanent injunction to cause a change in Defendant's policies related to its web based technologies so that Defendant's websites will become, and will remain, accessible. The website at issue is: https://mngop.com/

2. While the increasing pervasiveness of digital information presents an unprecedented opportunity to

MAY 0 8 2020

increase access to goods and services for people with perceptual or motor disabilities, website developers and web content developers often implement digital technologies without regard to whether those technologies can be accessed by individuals with disabilities. This is notwithstanding the fact that accessible technology is both readily available and cost effective.

3. Many individuals with disabilities must use screen reading software or other assistive technologies in order to access website content, others require that sites can be navigated without the use of a mouse, The Defendant's Websites contain digital barriers which limit the ability of individuals who are blind and/or experience challenges with executive functioning and or motor skills to access the sites.

4. Plaintiff has patronized Defendant's Websites in the past, and intends to continue to patronize Defendant's Websites. However, unless Defendant is required to eliminate the access barriers at issue, and required to change its policies so that access barriers do not reoccur on Defendant's Websites, Plaintiff will continue to be denied full access to those Websites as described, and will be deterred from fully using Defendant's Websites.

5. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires: "[i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities....Where appropriate, injunctive relief shall also include requiring the . . .modification of a policy. . ." 2 U.S.C. § 12188(a)(2).

6. Because Defendant's Websites have never been accessible and because Defendant does not have, and has never had, a policy that is reasonably calculated to cause its Websites to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring:

a) that Defendant retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its Websites so that they comply with

version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA");

b) that Defendant work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

c) that Defendant work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's Websites continue to comply with WCAG 2.0 AA on an ongoing basis;

d) that Defendant work with the Mutually Agreed Upon Consultant to perform end- user accessibility/usability testing on a periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendant's Websites continue to comply with WCAG 2.0 AA on an ongoing basis; and,

e)that Defendant work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on its Websites, along with an e-mail address and toll free phone number to report accessibility-related problems.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 § 12188

8. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

10. Plaintiff, Noah J. McCourt, is and, at all times relevant hereto, has been a resident of the State of Minnesota, residing within this judicial district. Plaintiff is and, at all times relevant hereto, has been diagnosed with Autism Spectrum Disorder, Attention Deficit Disorder, Developmental Coordination Disorder and a variety of other disabilities. He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq .

11. Defendant Minnesota Republican Party is a local unit of the Republican Party. They "believe in championing every Minnesotan to chase their American Dream." They are a party that believes in collaboration, positivity and ensuring they're "environments are inclusive, honest and transparent.

## FACTUAL BACKGROUND

12. The Internet has become a significant source of information and a means for conducting everyday activities such as shopping, banking, etc. for both sighted and blind and visually-impaired persons, as well as individuals with other perceptual or motor disabilities.

13. Individuals on the Autism Spectrum often face challenges with executive functioning and motor skills. They rely on being able to navigate through a website utilizing only a keyboard, Unless websites are designed to be navigated without a mouse, individuals are unable to fully access websites and the information, products and services available through the sites.

14. The international website standards organization, W3C, has published WCAG 2.0 AA. WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities. These guidelines have been endorsed by the United States Department of Justice and numerous federal courts.

15. Through its Website, Defendant offers information services and advocacy support, Defendant's Website also announces public events and legislative priorities and the opportunity to review updates and perform a variety of other functions.

16. Plaintiff is diagnosed with Autism Spectrum Disorder, Developmental Coordination Disorder and experiences challenges with executive functioning and fine and gross motor skills. The Plaintiff relies on being able to navigate a website without a mouse in order to access the Internet and view website content.

17. Despite several attempts to navigate https://mngop.com/ . The Plaintiff has been denied the full use and enjoyment of the information, activities and services available on https://mngop.com/ as a result of access barriers on the site.

18. The barriers at https://mngop.com/ have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's website.

19. If https://mngop.com/ were accessible, Plaintiff would have access to and full use of the information, activities and services on the Defendant's website.

20. Defendant has never had a plan or policy that is reasonably calculated to make its Websites fully accessible to, and independently usable by, individuals with disabilities.

21. The Plaintiff's Website is inaccessible to persons with Disabilities.

22. Without injunctive relief, Plaintiff and other disabled individuals will continue to be unable to independently use https://mngop.com/ in violation of their rights under the ADA.

**SUBSTANTIVE VIOLATION**

(Title III of the ADA, 42 U.S.C. § 12181 et seq .)

23. The allegations contained in the previous paragraphs are incorporated by reference.

24. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq ., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

25. Defendant's websites is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

26. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods,services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods,services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. §12182(b)(1)(A)(ii).

28. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes,among other things: "a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities,unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii); see also 28 C.F.R. § 36.303(a).

29. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services

where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulation sets forth numerous examples of "auxiliary aids and services," including "...accessible electronic and information technology; or other effective methods of making online materials available to individuals with disabilties." 28 C.F.R. § 36.303(b).

30. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who has a disability that substantially limits major life activities within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A),has been denied full and equal access to https://mngop.com/ He has not been provided services that are provided to others who are not disabled, and/or has been provided services that are inferior to the services provided to non- disabled persons.  Defendant has failed to take any prompt and equitable steps to remedy itsdiscriminatory conduct. These violations are ongoing.

31. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE , Plaintiff prays for:

32. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Websites are fully accessible to, and independently usable by, individuals with disabilities;

33. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring its Websites into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Websites are fully accessible to, and

independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law.

34. Payment of costs of suit;

35. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

36. The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully Submitted,                    Dated: January 2 , 2020

*[signature]*

Noah J. McCourt

33 W Lake St. #404

Waconia, MN 55387

PRO SE